# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-2495

**CYNTHIA D. LUCERO,** also known as Cindy Lucero,

     Plaintiff,

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**
referred to in this action sometimes as "Hartford, " and also known and dba "The Hartford,"
**DPI SPECIALTY FOODS, INC**., a corporation, as the designated Plan Administrator,
referred to herein as "Dpi," dba Dpi Specialty Foods, and dba DPI Specialty Foods Rocky
Mountain, Inc., a Colorado corporation, which is also a controlled subsidiary of Dpi, and
**THE DPI SPECIALTY FOODS EMPLOYEE WELFARE BENEFITS PLAN** (as to
covered disability benefits), known for the purpose of this action as the "Plan,"

     Defendants.

---

## COMPLAINT
---

     Plaintiff, Cynthia D. Lucero, who is often referred to as Cindy Lucero, by and through

her attorneys, Dennis P. Walker and Boesen Law, LLC, for her Complaint against Defendants

"Hartford," Dpi as the "Plan Administrator," and the "Plan," states and alleges:

### JURISDICTION

1. This is an action under ERISA, 29 USC Section 1001, *et seq*., including 29 USC

    Section 1132. Plaintiff seeks prior and ongoing long-term disability ("LTD") benefits.

    They are due to Plaintiff under a group disability policy (the "Policy"), that was

    issued by Defendant Hartford, and under the related Plan, along with interest,

    attorneys' fees, damages for failure to provide Plan information, and other relief

against Defendant Hartford Life and Accident Insurance Company (referred to in this action sometimes as "Hartford"). Hartford has been acting as a Plan Administrator, is designated as the Claim Administrator, and is the Plan Insurer. This action is also for damages for failure to provide plan documents and related plan information, and other relief against Defendant Dpi Specialty Foods, Inc., who is was formally designated as Plan Administrator (sometimes referred to herein as "Dpi"). This action is also for related relief against all Defendants and for all relief so as to bind the "Plan."

2. This Court has federal subject matter jurisdiction under 28 USC Section 1331 and ERISA, 29 USC Section 1132(e) and (f), over this action and the claims.

3. This Court has personal jurisdiction over the parties, including personal jurisdiction based on service of process on the Defendants or waiver of service of the summons and Complaint by Defendants, under ERISA and applicable federal law.

4. Venue is proper in this Court. See 28 USC Section 1391 and 29 USC Section 1132(e)(2).

### THE PARTIES AND THE UNDERLYING FACTS

5. Plaintiff, Cynthia D. Lucero, referred to as Cindy D. Lucero or Cindy Lucero, has been - at all times material to her prior employment with Dpi, to her eligibility, coverage, and status as an Insured under the subject LTD Policy, to her eligibility as a Participant in the Plan, and to her claimed disability under the Policy and Plan – and is a resident of the state of Colorado.

6. Cindy Lucero was a full-time employee of Dpi, working at its Henderson, Colorado, business office, 8125 East 88th Avenue, Henderson, Colorado, 80640-8121. She

worked full-time as an employee and most recently served Dpi as a food buyer and distributor. She worked for Dpi in Colorado from about July 2017 to early 2019, when she became no longer actively at work.

7. **CINDY LUCERO** is and has been, at all times material to the claims, an eligible and covered Participant in the subject disability ("LTD") benefits Plan and a covered Insured under the subject Long-Term Disability ("LTD") benefits Policy.

8. The LTD Policy was issued by Hartford to Dpi Specialty Foods, as Policyholder, as a group disability insurance policy. It was established, at least in part, in order to cover employees or Participants of Dpi in Colorado under the Plan and Policy, including Cindy Lucero.

9. Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (herein sometimes referred to as "**Hartford**"), is an insurance company and is also known and has done business as "The Hartford." It has done business in Colorado in conjunction with the Policy and the Plan.

10. Hartford has been and is sometimes referred to as the Claims Administrator and the Disability Plan Insurer for the subject disability benefits Plan and Policy.

11. Hartford has served and is serving, as a practical matter, as a Plan Administrator of the disability insurance benefits under the Policy and Plan.

12. In connection with the subject LTD benefits claim of Cindy Lucero under the Policy and the Plan, Hartford has also done business as the "Group Benefits Division." Hartford has also been known as and referred to as the subject Long Term Disability ("LTD") Policy Insurer.

13. At all material times, Hartford has been a member of the Hartford Insurance Group

and has acted under and as a part of The Hartford Financial Services Group, Inc., as one of its subsidiaries.

14. At material times, Hartford has operated its disability insurance business in Colorado in conjunction with the LTD Policy and Plan and the LTD benefits claim of Cindy Lucero.  Hartford has done disability insurance business in Colorado in conjunction with the administration, performance, and payment of LTD benefits under the Policy in Colorado to Cindy Lucero.

15. In conjunction with jurisdiction, Policy performance, and its multiple dealings with Cindy Lucero, Hartford has also maintained or operated from several addresses or offices described as: The Hartford, Appeals Unit, PO Box 14087, Lexington, KY, 40512-4087; Hartford Life and Accident Insurance Company, 777 South Figuera Street, Suite 700, Los Angeles, CA, 90017; Hartford Life and Accident Insurance Company, One Hartford Plaza, Hartford, CT, 06155 and Group Benefits Division, Customer Service, PO Box 2999, Hartford, CT, 06104-2999; The Hartford, Benefit Management Services, Sacramento Claims Office, PO Box 14302, Lexington, KY, 40312-4302; and The Hartford, 12009 Foundation Place, Rancho Cordova, California, 95670.

16. In conjunction with jurisdiction, its role as designated Plan Administrator, Plan performance, and dealings with Cindy Lucero as an employee of Dpi and a Plan Participant in Colorado, Defendant Dpi SPECIALTY FOODS, INC. ("**Dpi**"), has acted in Colorado. It is a corporation. It has been and is commonly referred to as "Dpi Specialty Foods." It has also has done business through and as DPI Specialty Foods Rocky Mountain, Inc., a Colorado corporation, which is a controlled or subordinate

subsidiary of Dpi Specialty Foods, Inc.

17. Dpi has operated through and maintained offices at 8125 East 88th Avenue, Henderson, CO, 80640-8121, in its dealings with Cindy Lucero. It has also maintained or used business addresses at: 1007 Church Street, Evanston, Illinois, 60201; and 12360 South West Leitton Drive, Tualatin, Oregon, 97062.

18. Dpi has been and is referred to as a designated "Plan Administrator" of the subject Long-Term Disability ("LTD") benefits Plan and Policy, which has been applicable to Plan and Policy eligible employees and Participants of Dpi, including Cindy Lucero.

19. Defendant the Dpi Specialty Foods Employee Welfare Benefits Plan (for disability benefits), is the subject **Plan**. It has operated or functioned in Colorado. It has also been designated or referred to by the other Defendants as the "Group Long Term Disability, Basic Term Life, Supplemental Dependent Life, Supplemental Term Life, and Basic Accidental Death and Dismemberment, Standby Supplemental Accidental Death and Dismemberment, Stand Alone Supplemental Dependent Accidental Death and Dismemberment, Plan for Employees of Dpi Specialty Foods." It is also referred to herein as the "**Plan**."

20. Hartford is subject to personal jurisdiction in Colorado in conjunction with Plaintiff's LTD benefits and related claims, at least based on doing such business in Colorado.

21. Dpi is subject to personal jurisdiction in Colorado in conjunction with Plaintiff's LTD benefits and related claims, at least based on its actual operations in Colorado.

22. The Plan has had a business address at the Henderson, Colorado office of Dpi. The Plan is subject to suit as a party under ERISA. The Plan is subject to personal

jurisdiction in Colorado in conjunction with Plaintiff's LTD benefits and related claims.

## LONG-TERM DISABILITY ("LTD") INSURANCE COVERAGE and LIABILITY FOR LTD BENEFITS AND RELATED AMOUNTS TO PLAINTIFF

23. Hartford issued to Dpi, as the Policyholder, the subject LTD Policy. Dpi adopted the Plan for the stated purpose, *inter alia*, of covering eligible employees or Participants of Dpi, including Cindy Lucero, for potential LTD benefits. The subject Policy has been identified by Hartford as its Group Policy # GLT-678059.

24. Dpi, did establish the Plan. It did so as the Plan sponsor and Policyholder, and also designated in the Plan as Plan Administrator. It did so by use of the group disability insurance Policy contract, which was issued for the coverage of Participants or employees of Dpi and Dpi Specialty Foods Rocky Mountain, Inc., including Cindy Lucero.

25. Hartford has also served at material times and Hartford continues to act, on a *de facto* basis, and in substantial relationship with Cindy Lucero's claim for LTD benefits, as a Plan Administrator for the subject LTD coverage and LTD benefits.

26. The Plan has been and is an "employee benefit plan" as understood by ERISA. See 29 USC Section 1002. The Plan is an entity under ERISA who is subject to suit and is named as a party in this action for that purpose. The Plan is subject to the claims and relief sought.

27. By virtue of her employment with Dpi and while being considered as a qualified and eligible Participant (see 29 USC Section 1002(7a)) in and as defined in the Plan and Policy, Cindy Lucero became and continues to be an Insured of Hartford for LTD

benefits coverage under the Policy and the Plan.

28. Prior to early or mid-January 2019, and in her active employment for Dpi, Cindy Lucero performed adequately so as to achieve promotions and became recognized as a food buyer for Dpi.

29. Hartford has undertaken to make, has made and has been charged with making the vast majority of decisions related to or for the potential payment and denials of LTD benefits under the Policy and the Plan with respect to Cindy Lucero.

30. Hartford and the Plan, acting through Hartford and Dpi, have had and do have an obligation: to pay LTD benefits that may due under the Policy, which is the disability insurance contract that insures the Plan, and under the certificate of LTD insurance coverage and the Plan; to provide Plan documents and other pertinent Plan information; and to pay related amounts for disability (LTD) benefits that may be due to Participants and Insureds who are LTD benefits claimants.

31. If Cindy Lucero has become or becomes entitled to LTD benefits under the Policy and Plan, and if she has become or is deserving to receive related amounts, Hartford must pay LTD benefits to her and such other amounts from its own resources.

32. Under the Policy and the Plan, the subject LTD benefits have been and are to be paid to disabled Insureds and Participants - in Cindy Lucero's class or category of eligibility - at the rate of 60% of their prior earnings for Dpi. That formula has been and is used for the calculation of *gross monthly LTD benefits*. The Policy and Plan also call for an "offset" from such prior earnings of the initial monthly amount of an insured's receipt of defined "other income." As applicable here to Cindy Lucero, that would only be for her receipt of SSDI benefits. That formula is to be used to arrive at

the calculation of *net monthly LTD benefits* for Cindy Lucero.

33. Hartford has been obligated to and must perform under the Policy and Plan to satisfy applicable requirements that would be in favor of Cindy Lucero, including contractual and statutory LTD benefits and any damages that may be due for failures by Hartford to provide Plan documents and other pertinent Plan information, including in its role as a *de facto* Plan Administrator. Those obligations have been assured to Cundy Lucero by Hartford and are enforceable under 29 USC Section 1132.

34. For any failures to timely provide Plan documents and other pertinent Plan information, whether directly or through Hartford, Dpi, as designated Plan Administrator, is also responsible to pay any statutory damages that may be due to Cindy Lucero under ERISA, 29 USC Section 1132(c).

35. Dpi and the Plan are obligated to abide by the judicial determinations of LTD benefits due to Cindy Lucero under the Policy and Plan, along with all damages, interest, costs, attorneys' fees, and other relief determined in this action.

## LTD BENEFITS CLAIM OF CINDY LUCERO

36. Cindy Lucero became disabled as defined under the Policy and the Plan in early or mid-2019, due to her multiple impairing health conditions. They, in fact, caused her to be impaired from being capable of sustaining any full-time employment relevant to her education, training, and experience and consistent with at least 60% of her prior level of earnings.

37. Under the LTD Policy and Plan, Hartford calculated and considered the "waiting period" or elimination period for Cindy Lucero's eligibility for LTD benefits to expire on about July 14, 2019 (after payment of applicable short-term disability

[STD] benefits).

38. Hartford has accepted and treated July 15, 2019, as the start date for the payment of any LTD benefits that have been due to Cindy Lucero under the Policy and the Plan.

39. January 16, 2019, has been considered and deemed by Hartford as the approximate commencement date of Cindy Lucero's disability under the Policy and Plan.

40. Since early to mid-2019, and continuing through the present, Cindy Lucero has suffered from or been impaired by several health conditions that have been diagnosed and progressed. They include:

    a. Idiopathic Intra-cranial Hypertension ("IIH") or ICH, along with persistent stroke risks

    b. Chronic facial swelling and pains

    c. Intracranial and cervical arachnoid cysts and neck pains

    d. Empty Sella of Meckel's cave and brain fluid pressure

    e. Broad cerebral dysfunction

    f. Eye fenestration, swelling and fluid pressure

    g. Visual dysfunction, which has been deteriorating, such as in producing impaired peripheral vision, along with some normal visual acuity at the same time

    h. Persistent ear tinnitus

    i. Neurocognitive disorder, considered and deemed *major* by her doctors: which has included recurring or persistent confusion, impaired memory, tremors, stress, loss of needed capacity for learning, brain fog, lack of semantic fluency, and other declining cognitive capacities (such as deteriorated capacity for performing needed analysis)

    j. Recurring, chronic headaches, with fluctuating pains

    k. Impeded cerebral and cervical blood veins, with a need for stents

    l. Bilateral, transverse spinal stenosis

    m. The overlapping and compounding factors of worsened, ongoing fibromyalgia (that had not been previously disabling, *e.g.*, she never asserted before that she was unable to work due to fibromyalgia), along with low-back, hip, knee and leg musculoskeletal pains, as well as contributing osteoarthritis

    n. Hypothyroidism

    o. Chronic sleep deprivation and disruption in her capacity to achieve needed and restorative rest

    p. Undue fatigue

    q. Polyarthralgia and neuropathy

    r. Resulting or secondary depression and anxiety from the above conditions, primarily due to and associated with the effects of the underlying, major

neurocognitive disorder

41. Hartford, Dpi, and the Plan became informed about the impairing and disabling conditions affecting Cindy Lucero, including through her submissions, the care providers' reports and notes, and Hartford's gathering of and full access to healthcare evidence. That access has been fully and fairly permitted by Cindy Lucero's authorizations and cooperation. Defendants have seen sufficient evidence of the above-listed and other conditions.

42. Cindy Lucero has made claims and pursued LTD benefits under the Policy and the Plan from Hartford and Dpi, beginning in mid-2019 and following. She has continued her claims through the present. She has done so through Hartford, Dpi and the Plan. She also sought Plan documents and pertinent Plan information from Hartford and Dpi.

43. Hartford assigned insured-ID and claim # 900539826 to Cindy Lucero's claim for LTD benefits under Hartford's Policy # GLT-678059. And Hartford has used identification # GRH-072608.

44. The subject LTD Policy has been effective since about February 1, 2011.

45. Hartford has also assigned "incident" # 16506867 to the LTD benefits claim of Cindy Lucero.

46. Cindy Lucero's LTD coverage became effective no later than about January 1, 2018, under the Policy and the Plan, based on her employment with Dpi and her eligibility for being a Plan Participant and Insured.

47. The pre-existing conditions exclusion in the Policy and the Plan does not apply to Cindy Lucero's conditions, disability and right to LTD benefits.

**EARLIER LTD BENEFITS DUE TO CINDY LUCERO AND HARTFORD'S DENIALS, CINDY LUCERO'S APPEALS, and THE REVERSAL BY HARTFORD AND PAYMENT OF LTD BENEFITS TO CINDY LUCERO**

48. During 2019 and through 2021, after receiving the LTD benefits claim of Cindy Lucero, Hartford initially deferred making any payment of LTD benefits to Cindy Lucero.

49. On or about 9/20/2019, Hartford internally determined that it did not think there was yet "sufficient evidence" to pay LTD benefits to Cindy Lucero. Hartford found that it was continuing administrative review and working toward the input of its medical staff.

50. On or about December 9, 2019, Hartford announced to Cindy Lucero that Hartford needed more information about her for Hartford to decide Cindy Lucero's entitlement to LTD benefits. Hartford did not give any specified reason for withholding benefits.

51. Hartford then and at multiple other times promised Cindy Lucero excellent service that would be timely and accurate for her.

52. On or about March 9, 2020, Hartford again announced that it needed more information "before we can determine" LTD benefits claimed by Cindy Lucero.

53. Because she still had not heard a decision by Hartford or received any LTD benefits, on about 4/16/2020, and at other times, Cindy Lucero did demand that Hartford make an appropriate decision and pay her LTD benefits.

54. On or about 4/23/2020, Hartford asserted that its referenced or so-called prior "denial" of LTD benefits as of September, 2019, was premised on Hartford's "pre-existing condition exclusion" analysis. In its letter Hartford omitted any identification of the date of its prior denial from September, 2019.

55. On or about August 4, 2020, Cindy Lucero again demanded a decision and benefits from Hartford.

56. On or about August 5, 2020, Hartford announced to Cindy Lucero that Hartford had previously chosen to initially deny her LTD benefits as of "9/7/2019." At about the same time, Hartford also claimed it needed more information to decide the claim.

57. Hartford did not express to Cindy Lucero a sufficient and supportable reason for a denial that Hartford had issued earlier, supposedly as of 9/7/2019. Hartford violated the Policy and the Plan by not stating specific reasons for its denial. Hartford merely stated, in effect, that it was unable to continue to pay benefits. Also, Hartford said that Hartford was considering a review over its so-called "look back" period (*i.e.*, prior to about 1/16/2019) to reexamine Hartford's asserted question about a possible application of a "preexisting condition exclusion."

58. On or about February 2, 2021, Hartford again asserted that it was not able to complete its review.

59. On or about March 5, 2021, after deferrals and in response to Cindy Lucero's repeated requests for review, appeals, and a decision, Hartford announced to Cindy Lucero that it was reversing its prior denial of September 2019, that the evidence of her disability of the Policy was sufficient, and that it was granting her claim for LTD benefits.

60. Hartford relinquished and waived its potential for attempting to deny LTD benefits on a supposed basis of its possible application of a "look-back" period and the use of a "pre-existing condition exclusion." Hartford is estopped from asserting a pre-existing condition exclusion.

-12-

61. Hartford has also asserted, in a series of letters to Cindy Lucero, that Hartford was again trying to gather more information about Cindy Lucero's health problems. While Hartford had always had, at pertinent times, sufficient access to evidence of her disability, Hartford presented to Cindy Lucero its further, interim comment that Hartford needed "more" medical evidence "before we can determine" the LTD disability benefits due to Cindy Lucero under the Policy and the Plan.

62. As a result of Hartford's deferrals and delays, Cindy Lucero continued to be deprived of LTD benefits that were due to her from Hartford since July 15, 2019.

63. Cindy Lucero pursued reviews and appeals of the LTD benefits denials by Hartford and sought Plan documents and pertinent information from Hartford and Dpi in order to support her LTD benefits claim.

64. Hartford thereafter issued another interim "denial" of LTD benefits.

65. In mid-2021, Cindy Lucero again appealed to Hartford to reverse its denials.

66. On June 17, 2021, Hartford acknowledged that Cindy Lucero's review requests and appeal were "in process" by Hartford.

67. On or about August 6, 2021, in a letter Hartford dated July 21, 2021, Hartford now again "denied" LTD benefits to Cindy Lucero. This time Hartford asserted that medical information was "not sufficient." And, at about that same time, Hartford stated that Cindy Lucero's appeal was "in process."

68. Hartford assured Cindy Lucero on several occasions that if she needed any extensions to supply information that they would be approved.

69. In a letter dated October 23, 2021, Hartford asserted that it was proceeding with Cindy Lucero's appeal. And, in a letter dated October 25, 2021, Hartford asserted

that it had sent to Cindy Lucero a copy of the LTD claim file of Hartford in August 2020. However, that later statement was not correct. Also, Harford again assured Cindy Lucero that if she needed an extension of time to supply evidence, that would be approved by Hartford.

70. In mid-late 2021 and early 2022, Cindy Lucero further supplemented her requests for review and appeal for LTD benefits, and she again demanded a decision. She made submissions to Hartford and also cited and relied upon the prior evidence of her disability as was available and known to Hartford.

71. Hartford assured Cindy Lucero in a letter dated as of February 2, 2022 that Hartford (again) had started its further "review;" that Hartford would inform Cindy Lucero; that if she needed time that would be approved by Hartford; and that Hartford was preparing to and would give information in its claim file to its so-called "independent" medical records reviewers under ERISA. And, Hartford asked Cindy Lucero if she had additional information that "you want us to review."

72. On about February 23, 2022, Hartford stated that it fully accepted Cindy Lucero's disability as established under the Policy and the Plan. Hartford stated that it had reversed all of its denials, including those of September 2019 and July 2021. Hartford fully granted Cindy Lucero's pending reviews and appeals about her right to LTD benefits.

73. Hartford then announced that Hartford would further consider the payment of Cindy Lucero's claim for LTD benefits.

74. Hartford then engaged in more of processing of its view of the disability question and conducted added "review." However, at that point, Hartford continued to defer the

payment of any LTD benefits that would be due to Cindy Lucero.

75. In April 2022, after more gathering by Cindy Lucero and Hartford of evidence and the submission to Hartford of more waves of medical and vocational evidence, all of which again further confirmed Cindy Lucero's disability as defined in the Policy and the Plan, <u>Hartford</u> further announced to Cindy Lucero that it <u>recognized and accepted the established fact of Cindy Lucero's disability</u>. Hartford said it would calculate the LTD benefits due to Cindy Lucero. Hartford found that her disability was established as defined under the Policy and the Plan and also stated that Hartford would pay her LTD benefits as claimed by and due to her.

76. At that same time, Hartford and Dpi did not fully and fairly address the other pending components of Cindy Lucero's related requests for review and appellate demands. They had been and were for interest and attorneys' fees due for the successful efforts to overcome Hartford's denials and for her right to delay damages under ERISA due to her because of Dpi and Hartford's failure to timely provide her with needed Plan documents.

77. An absence of full and fair review by Hartford and Dpi had become evident, including, at the very least, as shown by Hartford's letter issued about on or about April 4-9, 2022, wherein Hartford asserted (in a mere conclusory statement) that Cindy Lucero should not be entitled to full interest on the LTD benefits held back by Hartford, to reasonable attorneys' fees for overcoming Hartford's denials in her successful administrative review, and for delay damages for Harford's and Dpi's failure to timely provide her with Plan documents.

78. Hartford also erroneously argued that somehow Hartford's February 2022 reversal

decision should be seen as "timely." As an apparent result, Hartford then arbitrarily reasoned it should not have to pay all of the actually accrued interest on Cindy Lucero's past-due LTD benefits, but Hartford would only pay interest starting with its reversal decision that was favorable to Cindy in February 2022.

**HARTFORD PAYS LTD BENEFITS DUE FOR THE PERIOD OF 7/15/2019 THROUGH 2/3/2023.**

79. In April, 2022, Hartford announced it would pay and then did pay Cindy Lucero LTD benefits for her accepted and established disability under the Policy and the Plan for the period of July 15, 2019 through April 30, 2022. Hartford sent her the principal amount of $35,196.60.

80. In its calculation of LTD benefits, Hartford paid $1,445.00 for Cindy Lucero's established disability for the period of 7/15/2019 through 7/31/2019, or 17 days, at the rate of $2,550 per month, which amount was 60% of (most of) Cindy Lucero's prior monthly earnings (assuming the amount of her prior salary was at least $51,000 per year for her full-time job at Dpi).

81. Hartford also paid $2,550.00 per month for Cindy Lucero's established disability for the partial period of 8/1/2019 through 2/28/2020, or 7 months x $2,550 per month = $17,850.00.

82. However, and notwithstanding its prior and then known LTD benefits obligations to Cindy Lucero, Hartford at first announced (incorrectly) to Cindy Lucero that the amount of the prior LTD benefits due to her needed to be "offset" for SSDI benefits in the amount of $1,938.40 per month for a period of 7/15/2019 through February 2020. That calculation by Hartford was used in an apparent attempt to demonstrate

that such "other income" would be taken away from Cindy Lucero's LTD benefits

due. However, there was not paid, due to or received by Cindy Lucero from the SSA

the amount of $1,938.40 per month in SSDI benefits for those 7.5 months (7/15/2019

– 2/28/2020).

83. Hartford, by its announced calculation, as a practical matter, did thereby assert to

Cindy Lucero that Hartford predicted it would deprive her of about $14,538.00 in

past due LTD benefits that were due to her. Hartford knew or should have known that

the past due LTD benefits that were due to Cindy Lucero were, in fact, higher. As a

result, Hartford unnecessarily subjected Cindy Lucero to undeserved and unwarranted

stress and suffering.

84. After the threatened deprivation of the LTD benefits that were due was announced to

Cindy Lucero, Hartford then did, in fact, pay to Cindy Lucero LTD benefits due to

her at the rate of $2,550.00 per month for the 7.5 month period of 7/15/2019 through

February 2020.

85. Hartford also paid net LTD benefits due to her at the rate of $611.60 per month for

Cindy Lucero's disability for the period of 3/1/2020 through 4/30/2022. Hartford

calculated those net LTD benefits based on a multiple of 26 months times $611.60,

amounting to $15,901.60. Hartford arrived at the LTD rate of $611.60 per month for

net LTD benefits due starting with March, 2020, by using $2,550.00 as the gross LTD

benefit amount per month due to Cindy Lucero under the Policy (at the rate of 60% of

at least the majority of her prior earnings) and then reducing that gross amount by

$1,938.40 per month as the "offset" for her initially received SSDI (disability)

benefits (as determined by the SSA), which actually started with March 2020.

86. Therefore, Hartford sent Cindy Lucero two (2) checks, one for $1,445.00 and one for $33,751.60, totaling $35,196.60, for the LTD benefits due to her for her established and accepted disability for the period of 7/15/2019 through April 2022.

87. Hartford continued to pay Cindy Lucero net LTD benefits from May 2022 through February 3, 2023, at the rate of $611.60 per month. Although Hartford did so with somewhat irregular notices about Hartford's LTD benefit paying activity.

88. Cindy Lucero also suitably requested from Hartford on several occasions reasonable additional time for her to gather and to send Hartford more evidence for updated "proof of loss" under the Policy and the Plan, during the period of early 2022 through August 2023.


**HARTFORD THEN AGAIN DENIED LTD BENEFITS TO CINDY LUCERO, THIS TIME FOR LTD BENEFITS ACCRUING AFTER FEBRUARY 3, 2023.**

89. In about early 2023, Hartford again chose to ask Cindy Lucero for more disability information in conjunction with Hartford's declared desire to do yet another review.

90. Without issuing a second written warning to Cindy Lucero, as was assured to her under the Policy and the Plan, Hartford retroactively cut off the payment of LTD benefits that were due to Cindy Lucero as of February 3, 2023. Hartford paid LTD benefits for only 3 days in February, 2023, at the rate of $611.60 per month, or $61.16.

91. Hartford has not paid and has failed or refused to pay Cindy Lucero any LTD benefits since the last LTD payment made by Hartford effective for her disability through 2/3/2023.

92. From late 2022 and continuing into early August, 2023, Cindy Lucero sought to

provide and submitted more health care evidence to Hartford and Dpi. She pursued her right to additional full and fair reviews from and appealed to Hartford and Dpi. She provided Hartford and Dpi with more evidence of her disability. She did so by means of multiple submissions of evidence and vocational facts along with another signed authorization to gather healthcare information.

93. Cindy Lucero duly sought review and appealed to Hartford and Dpi for LTD benefits. That occurred by her submissions made on at least February 5, 2023, February 17, 2023, March 28, 2023, and April 13, 2023.

94. In the period of January 2023 through August 2023, Cindy Lucero reasonably pleaded with Hartford and Dpi to allow her reasonable additional time for and to consider updates of supporting medical evidence regarding her continued disability and for Hartford and Dpi to fairly and fully consider the evidence.

95. On about April 13, 2023, by use of a letter not received by Cindy Lucero until later, Hartford announced that it denied or cut off LTD benefits being sent to Cindy Lucero as of 2/3/2023.

96. On about May 10, 2023, Hartford assured Cindy Lucero that Hartford was reasonably considering her recent request for review and appeal of the cut off of her LTD benefits as of 2/3/2023.

97. In early June 2023, Hartford informed Cindy Lucero that Hartford was unilaterally extending the time for its determination of her most recent, pending appeal.

98. In June 2023, Cindy Lucero further sought needed, reasonable time and help from Hartford for the purpose of responding to Hartford's request for more updated medical support. And, Cindy Lucero submitted her follow-up appeal.

99. Throughout the LTD claim, Hartford and Dpi have owed Cindy Lucero fiduciary duties and the obligation of conducting meaningful, full and fair reviews.

100.    Because of Hartford's conduct, Cindy Lucero believed she was reasonably assured by Hartford that she had been granted by Hartford further time and flexibility. She reasonably believed, as assured to her by Hartford, that Hartford would fairly consider updated evidence about her and not decide her appeal of the LTD benefits cut off until early September 2023. She continued to advise Hartford that she reasonably needed more time to gather and work with care evidence.

101.    Cindy Lucero also stressed to Hartford and Dpi that had explained and submitted that there still had never been the required full and fair review of the issues she had appealed to them about and deserved. That included interest accrued on unpaid LTD benefits, attorneys' fees due under ERISA for overcoming denials, and damages under the Policy contract and ERISA for the failures to timely provide her with Plan documents.

102.    Throughout the period of July 2019 through August 2023, and while she was not capable of sustaining full-time employment in any relevant occupation, Cindy Lucero was and has been especially vulnerable due to her several, overlapping and complicated health difficulties. Her vulnerabilities have impaired her from being more able to seek expedient input from medical care providers and gather information to submit to Hartford. Cindy Lucero has reasonably needed flexibility and cooperation from Hartford and Dpi.

**HARTFORD PROMISED TO HELP CINDY LUCERO AND HAS OWED HER DUTIES OF REASONABLE COOPERATION and FULL AND FAIR REVIEW**

103.    Hartford, on multiple occasions from mid-2019 and through the present, for itself,

the Plan and Dpi, assured Cindy Lucero that Hartford was extending and would

extend her more time, would help her, and would reasonably cooperate with her for

the purpose of her claim to receive LTD benefits under the Policy and the Plan.

104.    Dpi never directly responded to or about any of Cindy Lucero's requests for Plan

documents and pertinent Plan information.

105.    Hartford provided Cindy Lucero with some Plan documents and pertinent Plan

information after requests by Cindy Lucero, but Hartford did not provide her all of

such requested information. And, as to what Hartford did provide on occasion,

Hartford did not provide all such information within 30 days after requests were made

by Cindy Lucero and received by Hartford.

106.    The lack of pertinent Plan information has, in effect, compromised Cindy

Lucero's ability at times to expeditiously present information and obtain LTD

benefits and related relief due to her from Hartford and Dpi.

107.    Hartford assured Cindy Lucero in the Plan (which was also embodied in and was

part of the Policy Certificate issued by Hartford to Dpi) and in its multiple review

communications with Cindy Lucero, that Hartford would provide Cindy Lucero with

time and real help and needed assistance for the review of her LTD benefits claim as

well as Plan documents and pertinent Plan information. That became a contractual

obligation of Hartford, which it adopted under and as part of the LTD Policy and Plan

and as part of its fiduciary duties owed to Cindy Lucero pursuant to ERISA.

108.    The Court is required under the circumstances to apply a *de novo* standard of

review to the actions of Hartford and Dpi. Alternatively, the Court should employ at

least a heightened standard of skepticism if it were to use an "abuse of discretion" or

arbitrary and capricious review standard.

109.    The requested review criteria are especially supported by the facts stated above

and by: the fact that Hartford and its claim consultants have periodically and unfairly

cherry-picked observations from health care records several times to the detriment of

Cindy Lucero; the fact that Hartford disregarded the extensive claim file medical and

vocational evidence and history of Cindy Lucero's established and accepted (by

Hartford) disability; and the fact that Hartford abruptly attempted in 2023 to apply

arbitrarily adopted time conditions for her to furnish e supposedly needed "proof of

loss." These and the related actions by Hartford contradicted its duties under the

Policy and the Plan and the prior course of conduct by Hartford in the administration

of the LTD benefits claim. That has been to the unfair detriment of Cindy Lucero.

110.    Hartford failed to conduct any in-person interviews with Cindy Lucero as were

allowed and available to Hartford if there had been a genuine basis for doubting her

disability.

111.    Hartford has acted arbitrarily and capriciously, especially after Hartford reversed

its own prior benefit denials. Hartford has wrongfully denied Cindy Lucero "full and

fair review." Hartford has breached its fiduciary duties and its obligations to Cindy

Lucero.

112.    Hartford has operated under an active and evident financial conflict of interest and

its actions and decisions are not entitled to deference on review.


**CINDY LUCERO HAS FULLY EXHAUSTED ADMINISTRATIVE REVIEW**


113.    By about August 15, 2023, Cindy Lucero had exhausted all Policy and Plan

administrative review and remedies for LTD benefits and the related damages and relief. Hartford has not reversed its recent cut off of LTD benefits, which has been held in effect as of 2/3/2023.

114.    Hartford stated in a letter received by Cindy Lucero in early August 2023, but which was dated by Hartford in late July 2023, that Hartford asserted that Cindy Lucero had exhausted administrative review and that Hartford would not further consider the recently provided and any other available evidence. Hartford stated that Cindy Lucero could now sue Hartford and seek remedies under ERISA.

115.    Since July 14, 2019, and on a continuing basis since Hartford cut off LTD benefits as of February 3, 2023, Cindy Lucero has been disabled as defined in the Policy and the Plan (and as described in the detailed Policy Certificate issued by Hartford as the Plan). She has been impaired from being capable of performing - on a full-time basis - her own occupation and any occupation for which she had become or might be considered qualified by virtue of education, training and experience, and consistent with a major part of her prior earnings (as defined).

116.    Hartford and Dpi have also understated the correct rate of Cindy Lucero's prior earnings as an employee at Dpi. Therefore, any relief for and recovery of unpaid LTD benefits needs to include an accounting to allow and for Hartford to pay for the amounts of corrected earnings in the use of the formula for calculating gross and net LTD benefits due.

**FIRST CLAIM FOR RELIEF**
**(LTD benefits due under ERISA and the insurance Policy contract and Plan as against Hartford and the Plan)**

117.    The foregoing allegations are incorporated.

118.     Hartford and Dpi have served and have been obligated to serve as Plan

fiduciaries, and have been required to honor their duties to Cindy Lucero to act solely

in the interests of her as a Plan Participant and Policy insured.

119.     Cindy Lucero's health conditions have satisfied the Policy and the Plan for her to

be entitled to disability (LTD) benefits. That status has been based on her health

problems and related lack of capacity to sustain full-time employment in any relevant

occupation. That must take into account full-time occupations for which she might or

would be qualified by education, training and experience. That comparison also

requires a level of potential earnings based on a major percentage of her prior

earnings at Dpi (at least 60%, as adjusted for inflation).

120.     Cindy Lucero's relevant employment history and prior work capabilities and the

evidence have, in combination, demonstrated to all Defendants at least the following

factors of capacity that were and have been needed by her to sustain any relevant full-

time employment. The factors would be and are relevant to her education, training

and experience. Any potential full-time employment must also satisfy the relevant

level of earnings for her as specified in the Policy and the Plan. The pertinent

capacities that would be required of her to sustain **any** relevant full-time employment

include:

a.  efficient manual dexterity;
b.  proficient keyboarding ability and minimal computer usage (while she was not
    previously computer proficient);
c.  visual effectiveness, especially for reading, analysis, and responding;
d.  performance in duties of supervision, reporting, and accountability;
e.  effective responsiveness and problem solving;
f.  persistent energy throughout the work day and week along with the absence of
    impairing distractions;
g.  pain-free endurance, range of motion, and stamina;
h.  strong memory, recall, and concentration;

      i.   effective communications to apply in all employment duties;

      j.   balance, coordination, stability, and effectiveness for all sedentary and light duty employment;

      k.   multi-tasking capacity and related effectiveness;

      l.   effective research, application, investigation, math and language skills; and

      m.   needed cognitive and intellectual vigor along with concurrent physical capacity without intrusive pain, to empower her in effective and sustained performance.

121.    Cindy Lucero suffered and continues to suffer and experience the loss and diminishment of the essential capabilities for any relevant full-time employment, including the needed capabilities listed above. Her conditions have fluctuated, but they have not improved and still persist to result in her continued disability from any relevant full-time employment.

122.    Cindy Lucero allowed, promoted, and supported the gathering by Hartford of evidence of her impairments. That has included extensive medical evidence. She reasonably supplied evidence to Hartford and Dpi on a best-efforts basis. That has been true especially given her dependence on care providers' schedules and being subject to her difficult impairments. Her impairments have included her loss of capacity for energy, concentration, memory, cognitive strengths, and alertness, and being subject to chronic facial swelling, brain and cervical cysts, visual disturbances, headaches, pervasive pains in bodily regions, and diminished mobility and dexterity.

123.    The evidence known and available to Hartford and Dpi has established and continues to show that Cindy Lucero has been and continues to be disabled as defined in the Policy and the Plan.

124.    Hartford, with awareness and while on notice, unreasonably delayed and denied insured LTD benefits and the related amounts that were and are due to Cindy Lucero.

125.    Cindy Lucero is entitled under the Policy and Plan, by virtue of the contract of

group disability insurance and ERISA, 29 USC Section 1132, to be paid by Hartford LTD benefits at the rate of $611.60 per month since February 3, 2023. In the event that she does not receive SSDI benefits, she is entitled to be paid LTD benefits at the rate of $2,550 per month. In the event of some but lower SSDI benefits, then she is entitled to be paid at the net LTD benefit rate that reflects SSDI benefits for any amount that is lower than the initially effective SSDI benefits at $1,938.40 per month as an offset against gross LTD benefits at the gross rate of $2,550 per month.

126.    Hartford has refused or failed, at important moments, to meaningfully consider and act on the known and available evidence of Cindy Lucero's continued disability as defined in the Policy.

127.    Hartford knew or should have known that there were no substantively reliable medical or vocational facts that would or could reasonably be used to dispute the evidence of Cindy Lucero's disability under the Policy and the Plan.

128.    Hartford has misapplied the Policy and Plan provisions about furnishing "proof of loss." Those provisions do not amount to an inflexible mandatory condition that the Insured, Cindy Lucero, must supply proof of loss within a strict, announced deadline. The Policy and the Plan describe the date an insured fails to furnish proof of loss as a matter that is subject to expected discretionary allowances by Hartford; as subject to proof "satisfactory" to Hartford, again calling for the exercise of reasonable discretion; as subject to Hartford providing a notice to the insured containing descriptions of "desired" evidence; as subject to Hartford's discretion to merely "suspend," but not to deny benefits; as subject to the understanding that Hartford will not invalidate the LTD benefits claim of Cindy Lucero when it is not reasonably

possible for her to supply evidence sooner; as subject to Hartford's discretion to "toll" the time demanded for supplying evidence; and as subject to the Policy understanding that evidence furnished as soon as possible is acceptable under the Policy and the Plan.

129.    Cindy Lucero is entitled to LTD benefits from Hartford through age 67 as the applicable retirement age under Social Security laws and as provided in the Policy and the Plan.

130.    Dpi and the Plan are subject to all rulings in this action, including the determination of Hartford's liability to pay LTD benefits to Cindy Lucero.

131.    Cindy Lucero satisfied all contract requirements and all conditions precedent to LTD benefits under the Policy and the Plan from 7/15/2019 through February 3, 2023, and on an ongoing basis since then, through the present, and continuing. The requirements have also already been established and accepted by Hartford and, indirectly Dpi and the Plan.

132.    At all times material to Cindy Lucero's claims, Hartford has been charged with the duty and has been obligated to Cindy Lucero to perform and act in and with good faith and fairness and as a fiduciary in the handling of her LTD coverage and benefits, and to act in good faith in general in relation to her rights and interests.

133.    Hartford has acted from a superior financial position and exploited its greater wealth and power so as to discourage Cindy Lucero from seeking and recovering LTD benefits and related amounts.

134.    Defendants Hartford, and indirectly Dpi and the Plan, have breached their obligations by contract and under ERISA, including their fiduciary duties owed to

Cindy Lucero. They have acted arbitrarily and capriciously. They are liable to pay

Cindy Lucero for the principal of all LTD benefits accruing and unpaid since

February 3, 2023, and on an ongoing basis since then. Defendant Dpi is obligated to

abide by and cooperate in those payments as designated Plan Administrator.

135.    Hartford has not seen or been advised of substantial facts to suggest that the

disability of Cindy Lucero has meaningfully improved or ceased from or after

February 3, 2023.

136.    Hartford has been and should be considered estopped from denying Cindy

Lucero's disability and accepting the evidence and her proofs of loss.

137.    Hartford has recently, arbitrarily, capriciously, unreasonably, unexpectedly, and

in breach of its contractual and fiduciary duties, asserted an inflexible, uncooperative,

and dictatorial approach to Cindy Lucero's right to LTD benefits and her right to

related interest, damages, and attorneys' fees that have been due and are claimed to be

due to her. That conduct has included Hartford asserting unnecessary, arbitrary and

unrealistic deadlines and refusing to consider evidence that has been reasonably

submitted to Hartford and has been known to be available to Hartford.

138.    Without basis under ERISA, Hartford has unfairly acted as if its unilaterally

created deadlines for updated information in late 2022 and through early August 2023

must be strictly followed. Hartford has baselessly treated its assertions as inflexible

conditions that might allow Hartford to avoid paying LTD benefits.

139.    Cindy Lucero is entitled to recover and Defendants Hartford and the Plan are

obligated to pay interest accrued on past-due LTD benefits for the period that LTD

benefits were not paid when due from July 15, 2019 through April 30, 2022, less the

partial interest actually tendered by Hartford to Cindy Lucero, which was only 54 days during February, 2022 through April, 2022, and was deficient. Hartford arbitrarily declared that it only owed Cindy Lucero interest from the time when Hartford announced in February 2022 that Hartford was reversing its denial decisions to the time in April when Hartford paid past-due LTD benefits.

140.    The interest due Plaintiff on unpaid and underpaid LTD benefits should be paid by Hartford and the Plan and should be calculated at the rate of at least 8% per annum, as applicable to debts not paid when due under Colorado law, Section 5-12-102, C.R.S., as amended. Hartford has paid only deficient interest at 10% per annum under California law for that referenced period of 54 days.

141.    Cindy Lucero is also entitled to recover and Hartford and the Plan are also obligated to pay interest on unpaid and late paid LTD benefits for the period of February 4, 2023 and following.

142.    Cindy Lucero is entitled to recover and Hartford is obligated to pay her all LTD benefits, past due and continuing; attorneys' fees under ERISA, 29 USC Section 1132; and prior and ongoing interest on benefits.

143.    Hartford is obligated to file in this action the entire Administrative Record and Plaintiff is entitled to review and duly supplement the Record.

WHEREFORE, Plaintiff prays for relief as set forth below.

## <u>SECOND CLAIM FOR RELIEF</u>

**(Attorneys' Fees due to Cindy Lucero from Hartford, Dpi and the Plan under ERISA for her achieving the prior reversals and for pursuing, before and during this action, her ongoing LTD benefits claim and related claims, especially due to the cut off as of 2/3/2023)**

144.    The foregoing allegations are incorporated.

145.    Hartford withheld or refrained from paying LTD benefits due to Cindy Lucero for
the period of 7/15/2019 through April 2022, until Hartford paid her past due LTD
benefits in late April 2022.

146.    Hartford made it necessary for Cindy Lucero to pursue reviews and appeals of its
delays and denial of LTD benefits during that prior phase.

147.    Cindy Lucero reasonably needed to hire and rely on legal counsel to overcome the
delays and denials of LTD benefits.

148.    Cindy Lucero's legal counsel provided reasonable and necessary legal services to
her in 2019 through April 2022, and continuing, and assisted her in achieving the
reversals by Hartford of Hartford's delays and denials of LTD benefits.

149.    Cindy Lucero has also needed legal counsel to reply to Hartford and work to
overcome the delays and denials of LTD benefits by Hartford and to deal with and
seek to overcome Hartford's denial of LTD benefits for the period starting after
February 3, 2023, including the exhaustion of administrative review and the pursuit of
this action for LTD benefits and related relief.

150.    ERISA, 29 USC Section 1132(g), provides for the right to recover attorneys' fees
by Cindy Lucero. Fees for her substantial success on the merits should be recognized.

151.    By law, the right of Cindy Lucero to recover attorneys' fees should be determined
in an action under ERISA, 29 USC Section 1132(g). The scope of the fees to be
allowed is not limited to legal services only performed after exhaustion of
administrative review or only after the commencement of litigation.

152.    Cindy Lucero is entitled to recover and Defendants, Hartford and the Plan, should
be obligated to pay attorneys' fees for Cindy Lucero's earlier success on the merits

though April 2022 and for her further pursuit of LTD benefits and related relief since

then, including for all services rendered before and in this action.

WHERFORE, Plaintiff prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF

### (Statutory and Contractual Damages due from Hartford and Dpi for failure to provide plan documents)

153.    The foregoing allegations are incorporated.

154.    During the course of her claim for LTD benefits and administrative reviews and

appeals, and on an ongoing basis, Cindy Lucero has sought, both from Hartford and

Dpi, needed Plan documents and pertinent Plan information, and concurrent

reasonable assistance and cooperation.

155.    Cindy Lucero reasonably needed Plan documents, pertinent Plan information,

assistance, and cooperation from Hartford and Dpi to assist in her pursuit of her LTD

benefits claim and related rights.

156.    Hartford promised and assumed obligations, as matters of contract, in its role as

serving Plan Administrator, named Claims Administrator, and actual Plan Insurer,

and under the Policy and Plan, to Cindy Lucero to provide Cindy Lucero with copies

of Plan documents, its claim files (including input from its vocational and healthcare

consultants), input from Dpi regarding Cindy Lucero's work and earnings, the Policy,

and other pertinent Plan information, as well as Hartford's cooperation and

assistance.

157.    Dpi, as the designated Plan Administrator, has assumed and undertaken the duty

and has been obligated under ERISA, 29 USC Section 1132(c), to provide Cindy

Lucero with copies of Plan documents and pertinent Plan information as requested by her or as evidently needed by her for her claim for LTD benefits.

158.    Dpi, in fact or in practice, has directly or implicitly delegated the obligation to provide Plan documents and pertinent Plan information to Plan Participants, including Cindy Lucero, to Hartford, or Dpi has acquiesced in Hartford's actual assumption of such duties and obligations acting Plan Administrator.

159.    Dpi's delegation and acquiescence, and Hartford's assumption, have not relieved Dpi from its duties and obligations under ERISA as designated Plan Administrator.

160.    Both Hartford and Dpi are liable to Cindy Lucero in damages for their failures to provide Plan documents and pertinent Plan information and the failures to timely provide her such information, as well as reasonable assistance and cooperation.

161.    During and as part of her LTD benefits claim, Cindy Lucero has reasonably requested from both Hartford and Dpi multiple Plan documents and pertinent Plan information, along with her requests for reviews and appeals, as shown in the administrative record. These documents have included, but are not limited to:

a.    The LTD Plan was duly requested at least on 10/28/2019, 5/24/2021, 6/14/2021, 9/9/2021, 10/25/2021, 11/12/2021, 1/4/2022, and 2/15/2022;

b.    The Hartford LTD Policy was duly requested at least on 10/28/2019, 2/18/2020, 4/16/2020, 5/1/2020, 8/4/2020, 5/24/2021, 6/14/2021, 11/12/2021, 1/4/2022, and 2/15/2022;

c.    The LTD claim files developed by Hartford under the Policy and the Plan, including information developed from Hartford's medical consultants, were duly requested at least on 10/28/2019, 4/16/2020, 5/1/2020, 5/24/2021, 6/14/2021, 11/12/2021, 1/4/2022, and 2/15/2022; and Cindy Lucero also sent more medical information to Hartford and Dpi in May 2023 and following, and that should have then been deemed part of the claim file and worthy of review by Hartford;

d.    Hartford's medical consultants' reports and input about Cindy Lucero's disability, including input from doctors Burke, Jasso, Neren and Parillo, were requested at

least on 2/18/2020, 5/24/2021, 9/9/2021, 10/25/2021, 11/21/2021, 1/4/2022, and
2/15/2022;

e.  The details about Hartford's interactions with Dpi about Cindy Lucero's Dpi
earnings and related facts were requested at least on 2/18/2020, 5/4/2021, 9/9/2021,
10/25/2021, 11/12/2021, 1/4/2022 and 2/15/2022;

f.  An LTD benefits decision and documents were demanded on 8/4/2020 and many
follow-up requests;

g.  The pertinent details about Hartford's application and interpretation of the Policy
and the Plan's *"any occupation"* definition of disability were duly requested on at
least 11/12/2021, 1/4/2022, and 2/15/2022, and following;

h.  The pertinent details about Hartford's application and determinations about Cindy
Lucero's claimed lack of employment *capacity* were duly requested on at least
11/12/2021, 1/4/2022 and 2/15/2022, and following;

i.  The pertinent details about the applicable Plan "buy-up" evidence were duly
requested on 2/18/2020; and

j.  Performance of "full and fair review" for Cindy Lucero was demanded on at least
2/2/2021, 10/28/2021, 11/12/2021, 1/4/2022, 2/16/2022, and 4/19/2023.

162.   Hartford and Dpi <u>failed to provide</u> the following Plan documents and pertinent

Plan information <u>within 30 days</u> after receipt of Cindy Lucero's written requests:

a.  The <u>Plan</u> and a 919-page version of the <u>claim file</u> were not first provided by
Hartford until about 5/6/2020 by a letter dated 4/16/2020 by Hartford.  (Hartford
also incorrectly asserted that it had sent to Cindy Lucero a copy of its claim file on
about August 11, 2020, but none was received by her that was dated as of or around
that time.)

b.  The 686-page version of the <u>claim file</u> was not provided until 3/18/2021.

c.  The 1,273-page version of the Hartford <u>claim file</u> under the Plan and the Policy was
not provided until 7/31/2023 with Hartford's letter dated 7/27/2023 (And, it
revealed about 300 pages were not provided before despite earlier requests).

d.  The <u>consultants' reports</u> arranged for by Hartford were not provided until about
7/31/2023, when they were sent with the updated claim file.

163.   Hartford and Dpi have <u>not yet provided</u> the following Plan documents to Cindy

Lucero, despite her requests:

   a.  The full text of the <u>Policy</u> (as compared to the certificate and the Plan provided
       three times with copies of the "claim file") was itself never provided, while the
       disclosed, combined Plan and certificate document states that the Policy wording
       "controls" over the Plan;

   b.  Details about Hartford's application of the *"any occupation"* definition for Cindy
       Lucero;

   c.  Details about Hartford's application and determinations about Cindy Lucero's
       claimed lack of employment *capacity;*

   d.  Details about Hartford's interactions with Dpi about Cindy Lucero's earnings and
       related facts;

   e.  Documents redacted or blacked out by Hartford in its furnished copies of the
       claim file; and

   f.  Medical records sent to Hartford in about May 2023 and following that do not
       appear in the 1,273-page claim file sent by Hartford around 7/31/2023.

164.    Hartford and Dpi are each liable to Cindy Lucero for contractual and statutory

damages, under 29 USC Section 1132 (g), respectfully, measured by up to $100 per

day for each day of delay beyond 30 days from her requests, along with reasonable

attorneys' fees and costs.

165.    The Court should award Cindy Lucero and require Hartford and Dpi to pay delay

and failure to provide Plan documents damages of at least $80.00 per day, times each

set of documents not provided within 30 days and for the duration of the time not

provided under the circumstances.

166.    Plaintiff's damages include, but are not limited to, LTD benefits at the rate of

$611.60 per month, due from 2/3/2023 - 9/15/2023 = $4,464.68, plus ongoing LTD

benefits at $611.60 per month through age 67 (future benefits are estimated to add up

to about $60,000.00, assuming that SSDI benefits at the prior initial rate of $1,938 per month continue; interest on prior and recent past due LTD benefits at the Colorado statutory rate on debt obligations of 8% APR for $5,446.18, plus ongoing or accruing interest after 9/15/2023; estimated reasonable attorneys' fees under ERISA, 29 USC Section 1132 (g), for the legal services needed in achieving the prior reversals, the recent administrative appeals, and this litigation for approximately $150,000.00; damages of at least $80 per day for delay in providing requested Plan documents (primarily the Plan, the Policy, the Claim file, and the Hartford's consultants' input, and the interactions over earnings, capacity, etc. ) for about $195,000.00, for items not furnished within 30 days ( 29 USC Section 1132(g)), totaling about $360,000.00.

WHEREFORE, for remedies under all claims for relief, Plaintiff, Cynthia D. Lucero, known as Cindy Lucero, prays for judgment in her favor and against Defendants Hartford Life and Accident Insurance Company ("Hartford"), Dpi Specialty Foods ("Dpi") and the Dpi Specialty Foods Employee Welfare Benefits Plan (the "Plan"), as follows:

A. Against all Defendants, the reversal of the denial of LTD benefits as of 2/3/2023 and the reversal of the denial of Cindy Lucero's administrative appeal made in early August 2023, as well as reversals of all denials of interest, attorneys' fees, and delay damages;

B. Against all Defendants, declaratory and related relief that Cindy Lucero is entitled to all of the LTD benefits and other relief;

C. Judgment against all Defendants for all "other appropriate equitable" relief under ERISA, 29 USC Section 1132, in amounts to be determined by the Court;

D. Judgment for the payment by Hartford of all unpaid and accruing LTD benefits, and a

determination that the other Defendants are required to abide by and recognize that relief, and a determination that Hartford must pay all LTD benefits to Cindy Lucero going forward;

E. Judgment for interest on unpaid LTD benefits to be paid by Hartford on the basis of at least 8% per annum, for all prior delays in payment and for interest on all unpaid and accruing LTD benefits, less the small amount of interest recently paid by Hartford;

F. Judgment for damages to be paid by Hartford and Dpi under ERISA for the delays and failures to provide Plan documents and pertinent Plan information, which damages will be reasonably measured under ERISA, for up to $100 per day for each day of delay and failure to provide Plan information, and for which Plaintiff should be awarded at least $80.00 per day;

G. Judgment for attorneys' fees to be paid by Hartford, Dpi and the Plan, for legal services needed by Cindy Lucero in overcoming in April, 2022, the prior denial of LTD benefits;

H. Judgment for attorneys' fees for all other legal services to be paid by all Defendants, including for seeking interest on past due LTD benefits, damages under ERISA for not providing Plan information, attorneys' fees for seeking LTD benefits and related relief since the cut-off by Hartford as of 2/3/2023, and for pursuing these matters and this litigation, as allowed under ERISA;

I. Judgment to be paid by all Defendants for the costs and expenses of overcoming the denials of LTD benefits and in pursuing administrative review and this civil action, including for the duplication of documents and the input of expert witnesses and preparation of the administrative record; and

J.   As to all Defendants, for such other and further relief as is just and proper.

Dated: 9/26/2023

s/ Dennis P. Walker
Dennis P. Walker
**BOESEN LAW, LLC**
4100 East Mississippi, Ste. 1900
Denver, Colorado, 80246
Telephone: (303) 999-9999
Email: dwalker@boesenlaw.com
Attorney for Plaintiff Cynthia D. Lucero

Plaintiff's address:
Ms. Cynthia D. Lucero
10701 Pecos Street, Apt 1002
Northglenn, CO  80234